20-2672-cv
*Harty v. West Point Realty, Inc.*

# United States Court of Appeals
# For the Second Circuit

August Term 2021

Submitted:  October 18, 2021
Decided:  March 18, 2022

No. 20-2672-cv

OWEN HARTY,

*Plaintiff-Appellant,*

*v.*

WEST POINT REALTY, INC.,

*Defendant-Appellee.*[*]

Appeal from the United States District Court
for the Southern District of New York
No. 19-cv-8800, Vincent L. Briccetti, *Judge.*

Before:     CALABRESI, PARKER, and SULLIVAN, *Circuit Judges.*

Plaintiff Owen Harty, who uses a wheelchair and is disabled, appeals from a judgment of the United States District Court for the Southern District of New

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

York (Briccetti, *J.*) dismissing his complaint against Defendant West Point Realty, Inc., for alleged violations of regulations promulgated pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). In his complaint, Harty did not assert that he visited West Point Realty's website with the intention of visiting the hotel run by West Point Realty; rather, he alleged that he frequently visits hotel websites to determine whether those websites comply with ADA regulations. Considering only the allegations in Harty's complaint, and not an affidavit filed by Harty in support of his opposition to West Point Realty's motion to dismiss for lack of subject matter jurisdiction, the district court dismissed Harty's claims for lack of standing due to Harty's failure to allege a concrete injury in fact.

We agree with the district court that Harty failed to allege a concrete injury in fact and therefore lacked standing to assert a claim under the ADA; we also conclude that the district court did not abuse its discretion by considering only the allegations in Harty's complaint when deciding West Point Realty's motion to dismiss. Accordingly, we **AFFIRM** the district court's dismissal of Harty's complaint.

AFFIRMED

> Peter E. Sverd, Law Offices of Peter Sverd, PLLC, New York, NY, Thomas B. Bacon, Thomas B. Bacon, P.A., Mount Dora, FL, *for Plaintiff-Appellant*.
>
> Jason Mizrahi, Joshua D. Levin-Epstein, Levin-Epstein & Associates, P.C., New York, NY, *for Defendant-Appellee*.

RICHARD J. SULLIVAN, *Circuit Judge*:

Plaintiff Owen Harty appeals a judgment of the district court (Briccetti, *J.*) dismissing his complaint for lack of subject matter jurisdiction. According to the complaint, Harty, who uses a wheelchair and is disabled, visits booking websites

used by hotels to advertise their rooms so that he can determine whether the websites comply with regulations promulgated pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Specifically, Harty alleges that Defendant West Point Realty, Inc.'s website does not comply with 28 C.F.R. § 36.302(e)(1)(ii), which, among other things, requires places of public accommodation that own or operate a place of lodging to "[i]dentify and describe accessible features in the hotels and guest rooms offered through [their] reservations service[s] in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." In this case, Harty does not allege that he viewed West Point Realty's website with the intention of visiting the Holiday Inn run by West Point Realty; he merely contends that the website itself was not in compliance with the ADA when he viewed it. West Point Realty filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint, arguing that Harty had not alleged a concrete injury in fact and therefore lacked standing. The district court, considering only the allegations in Harty's complaint, and not an affidavit Harty filed in support of his opposition to West Point Realty's motion, granted dismissal.

3

On appeal, we are tasked with deciding whether (i) the district court erred by limiting its review to the facts alleged in Harty's complaint; (ii) Harty has properly alleged a concrete injury in fact based on the website's alleged noncompliance with the ADA; and (iii) the district court dismissed Harty's complaint with prejudice, which would have been improper pursuant to the long-established rule that dismissals for lack of jurisdiction must be without prejudice. We conclude that the district court did not abuse its discretion in considering only the facts of Harty's complaint when deciding the Rule 12(b)(1) motion, that Harty lacks standing because he has not alleged a concrete injury in fact, and that the district court did not dismiss Harty's complaint with prejudice. As a result, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND[1]

West Point Realty runs the Holiday Inn Express West Point and maintains a website with an online reservation system that the public can use to reserve guest accommodations and review information pertaining to the goods, services, and features of the hotel. Plaintiff Owen Harty, who lives in Florida and is wheelchair

---

[1] "In reviewing a facial attack to the court's jurisdiction, we draw all facts – which we assume to be true unless contradicted by more specific allegations or documentary evidence – from the complaint and from the exhibits attached thereto." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

bound, is a self-proclaimed "advocate [for] the rights of similarly situated disabled persons" and a "tester" who monitors whether places of public accommodation and their websites comply with the ADA. App'x at 5–6. Harty visited West Point Realty's website so that he could review the accessible features at the Holiday Inn Express West Point and ascertain whether those features meet the requirements of the ADA and Harty's accessibility needs. Harty alleges that he was unable to make this assessment because West Point Realty failed to comply with the requirements set forth in 28 C.F.R. § 36.302(e) and that as a result, he was deprived of the same goods, services, and features of the Holiday Inn Express West Point available to the general public. Harty also alleges that his encounter with West Point Realty's website deprived him of information that the hotel was required to provide under § 36.302(e). Harty alleges that in the near future he intends to revisit West Point Realty's website to test it for compliance with § 36.302(e) and *possibly* to use the website to reserve a guest room at the Holiday Inn Express West Point.

Harty sued West Point Realty for (1) injunctive relief pursuant to Title III of the ADA; (2) a declaratory judgment that West Point Realty is in violation of Title III of the ADA; (3) damages pursuant to New York State Executive Law § 296; and (4) attorneys' fees, costs, and litigation expenses. West Point Realty filed a motion

5

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Harty lacked standing, and pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Harty had failed to state a claim. When Harty filed his opposition brief, he argued that his pleadings were sufficient. But to support his opposition brief, Harty also submitted an affidavit that included various averments intended to bolster his case for standing.

The district court issued an opinion and order concluding that Harty lacked standing and granting West Point Realty's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). In deciding the motion, the district court did not consider the affidavit Harty submitted in support of his opposition brief because West Point Realty had made a facial challenge to the district court's subject matter jurisdiction. The district court entered its judgment on August 10, 2020. Harty filed a timely notice of appeal the following day.

## II.   DISCUSSION

### A. The District Court Did Not Abuse Its Discretion When It Ruled on West Point Realty's Motion Without Considering the Affidavit Harty Filed with His Opposition Brief

We have recognized that "[a] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial," i.e., based solely on the allegations of the complaint and exhibits attached to it, "or fact-based," i.e., based on evidence

6

beyond the pleadings. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). But while a district court "may refer to evidence outside the pleadings" when resolving a 12(b)(1) motion, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015), it is not invariably required to consider such evidence, *see Carter*, 822 F.3d at 56–58. It is only where "jurisdictional facts are placed in dispute" that the court has the "obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks omitted); *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999). When the extrinsic evidence submitted by the parties does not controvert the material allegations of the complaint, it is not error for the district court to base its ruling solely on the allegations of the complaint, and we will review the district court's dismissal as if it were based on a facial challenge. *See Carter*, 822 F.3d at 57.

While we have not previously articulated the standard of review for a district court's decision to disregard extrinsic evidence when deciding a Rule 12(b)(1) motion, Supreme Court caselaw makes clear that district courts have broad discretion when determining how to consider challenges to subject matter

7

jurisdiction. *See Gibbs v. Buck*, 307 U.S. 66, 71–72 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 774 (11th Cir. 2010) (W. Pryor, J., concurring) ("The precedents of the Supreme Court . . . have for several decades granted district courts wide discretion in determining how to resolve questions of jurisdiction." (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Gibbs*, 307 U.S. at 71–72)). We, too, have recognized that a district court has "*considerable latitude* in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (emphasis added) (internal quotation marks omitted). The leading treatises on federal civil procedure agree. *See, e.g.,* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2021) ("District courts have broad discretion to consider relevant and competent evidence on a motion to dismiss for lack of subject matter jurisdiction that raises factual issues."); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.30 (3d ed. 2021) ("The district court also has broad discretion whether to allow discovery as to facts bearing on jurisdiction.").

There is, however, a limit to that discretion. Where a party offers extrinsic evidence that contradicts the material allegations of the complaint, we have suggested that it would be error for the district court to disregard that extrinsic evidence. *See Carter*, 822 F.3d at 57; *Tandon*, 752 F.3d at 243. This limit tracks our abuse of discretion standard, which states that a district court abuses its discretion when "its conclusions are based . . . on a clearly erroneous assessment of the evidence." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 146 (2d Cir. 2001) (internal quotation marks omitted). Accordingly, we conclude that abuse of discretion is the proper standard of review for a district court's decision whether to consider extrinsic evidence when deciding a Rule 12(b)(1) motion to dismiss.

Here, the district court did not abuse its discretion by declining to consider Harty's affidavit. West Point Realty's motion was a facial challenge directed solely at the sufficiency of the complaint's jurisdictional allegations, not a factual challenge, so the defendant didn't place any jurisdictional facts in dispute. And the extrinsic evidence contained in Harty's affidavit was intended to enhance, not contradict, the allegations in his complaint.[2] So the district court did not abuse its

_____

[2] This asymmetry between facts contradicting a complaint (presumably, introduced by

9

discretion in choosing not to consider Harty's affidavit. We therefore will review the district court's dismissal for lack of subject matter jurisdiction under our standard for facial challenges.

**B. Harty Lacks Standing Because He Failed to Allege a Concrete Injury in Fact**

For a plaintiff to have Article III standing, he must establish three things: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact must be "particularized," and it must be "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*

---

defendants) and facts bolstering it (presumably, introduced by plaintiffs) stems from the costs imposed by different types of errors. Where plaintiffs develop new facts that bolster their complaint, they may usually amend the complaint itself to incorporate these new facts (an opportunity specifically provided to, and declined by, the plaintiff in this case). Moreover, because a dismissal for want of standing is without prejudice, *see* discussion *infra* at 15–17, a plaintiff may also file a new complaint which incorporates such additional factual allegations. By contrast, where a court erroneously disregards factual evidence *contradicting* a complaint, such an error necessarily subjects the defendant to the significant costs of participating in a litigation that should not have been permitted in the first place.

10

*LLC v. Ramirez*, 594 U.S. ----, ----, 141 S.Ct. 2190, 2206 (2021); *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63–64 (2d Cir. 2021).

Last Term, the Supreme Court clarified that a plaintiff has standing to bring a claim for monetary damages following a statutory violation only when he can show a current or past harm beyond the statutory violation itself. *See TransUnion*, 594 U.S. at ----, 141 S. Ct. at 2204–07; *Maddox*, 19 F.4th at 63–64. In doing so, the Court rejected the standard we articulated in *Strubel v. Comenity Bank*, which held that a plaintiff has standing to sue for a violation of a procedural right created by Congress if (i) "Congress conferred the procedural right to protect a plaintiff's concrete interests" and (ii) "the procedural violation presents a risk of real harm to that concrete interest." 842 F.3d 181, 190 (2d Cir. 2016) (internal quotation marks omitted). *See also Crupar-Weinmann v. Paris Baguette America, Inc.*, 861 F.3d 76, 80–81 (2d. Cir. 2017) ("A central inquiry . . . is whether the particular bare procedural violation may present a *material risk of harm to the underlying concrete interest Congress sought to protect*." (emphasis added)). *TransUnion* now makes clear that the "material risk" standard applies only with respect to injunctive relief and that "in a suit for damages[,] mere risk of future harm, standing alone, cannot qualify

11

as a concrete harm." 594 U.S. at ----, 141 S. Ct. at 2210–11; *see also Maddox*, 19 F.4th at 64.

In his complaint, Harty alleges that because West Point Realty's website does not comply with the ADA, the website infringed his right to travel free from discrimination. But Harty does not allege anywhere in his complaint that he was using the website to arrange for future travel. On the contrary, he acknowledges that his review of West Point Realty's website was done in his capacity as a "tester" of ADA compliance, not as a prospective traveler seeking a wheelchair-accessible hotel in West Point. As the Supreme Court has made clear, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion*, 594 U.S. at ----, 141 S. Ct. at 2205 (internal quotation marks omitted). Because Harty asserted no plans to visit West Point or the surrounding area, he cannot allege that his ability to travel was hampered by West Point Realty's website in a way that caused him concrete harm. *See Laufer v. Looper*, 22 F.4th 871, 877–78 (10th Cir. 2022) (holding that in the absence of plans to visit the hotel or the area near the hotel, an ADA tester had not alleged a concrete harm due to the hotel's website's noncompliance with ADA regulations); *Laufer v. Mann*

12

*Hospitality, L.L.C.*, 996 F.3d 269, 272–73 (5th Cir. 2021) (same). Harty therefore lacks standing to bring a suit for damages. With respect to Harty's requests for prospective relief, although Harty alleges that "in the near future" he intends to "utilize the website to reserve a guest room," that is not sufficiently imminent to create an injury in fact. App'x at 9. "Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury" that Article III requires. *Lujan*, 504 U.S. at 564. *See also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1234 (11th Cir. 2021) (holding that an ADA tester lacked standing because she had only a "vague, some day intention" of visiting the defendant hotel (internal quotation marks omitted)).

Harty also alleges that West Point Realty deprived him of the information required to make meaningful choices for travel, and argues that this constitutes an "informational injury" that gives him standing. Even assuming that Harty can allege that he was deprived of information to which he is entitled by the ADA, he must also allege "downstream consequences from failing to receive the required information" in order to have an Article III injury in fact. *TransUnion*, 594 U.S. at ----, 141 S. Ct. at 2214. In other words, Harty must show that he has an "interest in

13

using the information . . . beyond bringing [his] lawsuit." *Looper,* 22 F.4th at 881. That he has not done. Harty, therefore, has not alleged an informational injury sufficient for Article III standing. *See id.; Mann Hospitality*, 996 F.3d at 273.

Finally, Harty alleges that he has suffered and will continue to suffer direct and indirect injury as a result of "the discriminatory conditions present at [West Point Realty's] website." App'x at 9. While "unequal treatment on the basis of a protected characteristic" can be an injury in fact for standing purposes, *MGM Resorts Int'l Glob. Gaming Dev., LLC v. Malloy*, 861 F.3d 40, 45 (2d Cir. 2017) (internal quotation marks omitted), Harty's complaint does not specify how the website violated ADA regulations or how those alleged violations discriminated against disabled people. Rather, the Complaint contains solely a bare boilerplate assertion that "Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e)." App'x at 8. Even if the ADA labeled all violations of that act and its implementing regulations as discrimination – which it does not, *see* 42 U.S.C. §§ 12112, 12132, 12182 (defining disability discrimination under the ADA) – *TransUnion* makes clear that a statutory violation alone, however labeled by Congress, is not sufficient for Article III standing, *see TransUnion*, 594 U.S. at ----, 141 S. Ct. at 2205. Harty has asserted that the website is (in some unspecified way)

14

discriminatory, but the law is clear that mere "labels and conclusions," as provided here, are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3]

## C. The District Court Did Not Dismiss Harty's Complaint with Prejudice

Harty next argues that even if the district court properly dismissed his complaint for lack of standing under Rule 12(b)(1), it erred by dismissing his complaint with prejudice. But the district court did not dismiss his complaint with prejudice; the district court dismissed his complaint and found that the interests of justice did not require granting Harty an additional opportunity to amend his complaint, because Harty (i) had declined a previous opportunity to amend his complaint and (ii) had not requested an opportunity to amend in the event of a dismissal. "A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." *MAO-MSO Recovery II, LLC v. State*

---

[3] Although Harty argues that he has "tester" standing, that conclusory assertion is not enough to overcome the deficiencies of his complaint. The law is clear that testers can have standing, but even testers have to show that they have suffered an Article III injury in fact. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982) (holding that a tester had standing because she alleged that she "suffered [a] specific injury from the challenged acts" (internal quotation marks omitted)); *Looper*, 22 F.4th at 879 ("[T]esters, like any other plaintiff, must satisfy the constitutional requirements of Article III."); *Mann Hospitality*, 996 F.3d at 273 ("[Plaintiff's] assumed status as an 'ADA tester' does not absolve her of the need to show an injury in fact for standing purposes."). Because Harty has not otherwise alleged a sufficient injury in fact, his status as a self-proclaimed tester does not alter our conclusion that he lacks standing.

*Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). That is because a dismissal without prejudice, even one denying leave to amend, "does not preclude another action on the same claims," *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (internal quotation marks omitted), whereas a dismissal with prejudice is "a ruling on the merits" that precludes a plaintiff "from relitigating – in any court, ever again – any claim encompassed by the suit," *MAO-MSO Recovery II*, 935 F.3d at 581; *cf. Holcombe v. Ingredients Sols., Inc.*, 797 Fed. App'x 630, 635 n.2 (2d Cir. 2020) (describing the distinction between dismissal with prejudice and dismissal without leave to amend). Indeed, we have made it clear that where, as here, "a complaint is dismissed for lack of Article III standing, the dismissal *must* be without prejudice rather than with prejudice," *Fac. v. New York Univ.*, 11 F.4th 68, 78 (2d Cir. 2021) (internal quotation marks omitted) (emphasis added), because "without jurisdiction, the district court lacks the power to adjudicate the merits of the case," *Carter*, 822 F.3d at 54–55. Because the district court dismissed Harty's complaint due to his lack of standing, that dismissal was, by definition, without prejudice. Harty has simply misunderstood what the district court ordered.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

16